02-12-162-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00162-CV

 

 


 
 
 Clyde T. Moore, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Leslie G. Martin, P.C.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Clyde T. Moore, Jr. attempts to appeal from the trial court’s order sustaining
the county clerk’s contest to his affidavit of inability to pay costs.[2] 
After appellant filed his notice of appeal, we sent him a letter expressing our
concern that we do not have jurisdiction because the order that appellant is
appealing from is not a final judgment or an appealable interlocutory order. 
We informed appellant that unless he filed a response showing grounds for
continuing the appeal, it could be dismissed for want of jurisdiction.  Appellant
filed a response, but it does not state adequate grounds for continuing the
appeal.

          The
general rule, with a few exceptions, is that an appeal may be taken only from a
final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001);
see also Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex.
2001) (“A party may not appeal an interlocutory order unless authorized by
statute.”).  A judgment is final when it actually disposes of all parties and claims
or expressly and unequivocally states that it does so.  Lehmann, 39
S.W.3d at 200–01, 204.  The order at issue in this appeal does not meet this
standard for finality, and it is not an appealable interlocutory order.  See
id.; Tilotta v. Smith-Tilotta, No. 01-09-00817-CV, 2010 WL 724592,
at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2010, no pet.) (mem. op.); Dyer
v. Tex. Bd. of Pardons & Paroles, No. 01-08-00884-CV, 2010 WL 143422,
at *1 (Tex. App.—Houston [1st Dist.] Jan. 14, 2010, no pet.) (mem. op.).  We
therefore dismiss the appeal for want of jurisdiction.  See Tex. R. App.
P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  July 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P.
145(b), (d).